|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | WESTERN DISTRICT OF WASHINGTON AT TACOMA |

| | |
|---|---|
| GARY CASTERLOW-BEY, | Case No. C17-5561 BHS-TLF |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| J. KEISLER, et. al., | |
| Defendants. | Noted for October 6, 2017 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Theresa L. Fricke. Plaintiff Gary Casterlow-Bey filed a Motion for TRO ("Motion") on September 5, 2017. Dkt. 11. The Court concludes Plaintiff is seeking injunctive relief on a non-party and on a matter which is outside the issues in this action. Therefore, the Court recommends the Motion be denied.

**BACKGROUND**

Plaintiff, an inmate at the Pierce County Jail, filed a complaint alleging neglect of his medical needs and lack of access to an orthopedic surgeon. Dkt. 6, at 3. He sues defendant J. Keisler and the Lakewood Police Department. In his motion, plaintiff alleges that due to defendant J. Keisler's "false and misleading" police report, he has been denied access to hip replacement surgery. *Id*.

REPORT AND RECOMMENDATION - 1

In his Motion, plaintiff alleges non-party Pierce County jail officials are not providing him with access to envelopes, paper, pencils, and an eraser. Dkt. 11, at 2. Plaintiff requests the Court to order jail officials to provide him with these supplies. *Id*.

**DISCUSSION**

Under the Prison Litigation Reform Act ("PLRA"),

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

The Court finds plaintiff failed to show he is entitled to injunctive relief because the Motion seeks injunction against a non-party and is unrelated to the claims alleged in the complaint.

REPORT AND RECOMMENDATION - 2

### A. Injunction against a non-party

In the Motion, plaintiff alleges non-party Pierce County jail officials are hindering his ability to litigate. Dkt. 11. Pierce County jail officials are not nor have ever been a party to this lawsuit. This Court cannot issue an order against individuals who are not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). To the extent plaintiff is seeking a court order compelling jail officials to act, his Motion must be denied.

### B. Motion unrelated to complaint

The Court also cannot issue the requested TRO because the issues and relief sought in plaintiff's Motion are unrelated to the claims raised in this lawsuit. In a TRO, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue a TRO when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *Id*.

The complaint, which was filed August 11, 2017, alleges plaintiff's rights were violated when he was not scheduled for hip replacement surgery due to J. Keisler's "false and misleading police report." Dkt. 6. In the Motion, plaintiff complains unnamed non-party Pierce County jail officials do not provide plaintiff with envelopes, paper, and pencils. *Id*.

As the allegations raised in the Motion are unrelated to defendants' denial of access to medical care, and as plaintiff seeks relief which is not the same character as the complaint, the Court cannot issue the injunctive relief requested by plaintiff. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief

based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Accordingly, the Court recommends the Motion be denied.

## CONCLUSION

As plaintiff's Motion is not based upon actions taken by defendants or by the claims in the underlying lawsuit, the Court recommends the Motion be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 6, 2017**, as noted in the caption.

Dated this 20th day of September, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge